IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
FORT WORTH DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., et al.,<br><br>Defendants. | Civil Action No. 4:21-cv-00579-P |

**PLAINTIFF'S RESPONSE TO COURT ORDER AND TO DEFENDANTS'
NOTICE OF NEW CDC ORDER**

The State of Texas files this response to the Court's July 19, 2021 Order, which directed Texas to "file a response informing the Court of the effect of the new order on its contentions in this lawsuit and its pending motion for a preliminary injunction" by Wednesday, July 21. ECF No. 51. In short, the Court should proceed and issue immediate injunctive relief that requires Defendants to: 1) comply with the October Order and 8 U.S.C. § 1222, and 2) either promptly expel members of family units and all other aliens not excepted from Title 42 under the CDC's July 16, 2021 order or detain such aliens as required by section 1222. The Court should also hold in abeyance a decision on a preliminary injunction applicable to unaccompanied alien children covered by the CDC's July 16 order as outlined below.

**I.    The Court Should Issue Immediate Injunctive Relief to Texas, as the Defendants' July 16, 2021 Filing Does Not Change the Defendants' Failure to Comply with Title 42 for Members of Family Units or the Defendants' Failure to Comply with 8 U.S.C. § 1222.**

The Defendants take the novel position that—because of the issuance of a new Order issued by the Director of the Centers for Disease Control and Prevention on

July 16, 2021 applicable *only* to unaccompanied alien children, *see* ECF No. 50-1 (the "July Order")—"Texas's motion for preliminary injunction is now moot in its entirety." *See* ECF No. 50 at 1. For the reasons described below, in prior filings, and at the hearing on July 13, 2021, the Defendants are wrong. This Court should issue a preliminary injunction requiring Defendants to follow their own rules and apply Title 42 to members of family units and requiring Defendants to comply with the requirements of 8 U.S.C. § 1222(a) for those aliens whom it does not rapidly expel under Title 42.

Nothing in the Defendants' "Notice of New CDC Order," or the Order itself, *see* ECF No. 50-1 ("July Order"), changes anything about this case related to the Defendants' failure to apply Title 42 to members of family units encountered at the border—in violation of the Defendants' own rules—or Texas's requested relief as applied to that population. Texas filed a complaint challenging the Defendants' failure to apply Title 42 to family units and sought declaratory and injunctive relief from this Court. *See* Complaint, ECF No. 1 at 13-14, 20-21, 28-29, 32-33. Texas sought a preliminary injunction asking the Court to "preliminarily enjoin the Defendants' noncompliance with their own applicable public health regulations[.]" Mot. for Prelim. Inj., ECF No. 21 at 1. Texas filed a brief in support of its motion, describing the Defendants' failure to apply Title 42 to family units, the irreparable harms to Texas, and asking the Court to issue an injunction ordering the Defendants to "resume activities in furtherance of the October Order, to include applying Title 42 to all covered aliens arriving at the U.S. Border—without categorically excepting

2

classes of people, whether families, unaccompanied minors, or others[.]" Br. in Support of Mot. for Prelim. Inj., ECF No. 22 at 9-10, 19-27, 34. And Texas maintained its request for such relief in its Reply in Support of Motion for Preliminary Injunction. *See* Reply in Support of Mot. for Prelim. Inj., ECF No. 46.

Similarly, nothing in the Notice of New CDC Order, or the July Order itself, changes anything about this case related to the Defendant's failure to comply with the requirements of 8 U.S.C. § 1222(a). Texas challenged the Defendants' failure to use 8 U.S.C. § 1222 in its complaint and sought declaratory and injunctive relief. *See* Complaint, ECF No. 1 at 14-18, 29-30, 32-33. Texas filed a Motion for Preliminary Injunction, asking the court to "preliminarily enjoin the Defendants' failure to detain, quarantine, and test—under 8 U.S.C. § 1222(a)—all aliens arriving who could carry a communicable disease of public health significance before releasing them into the United States." Mot. for Prelim. Inj., ECF No. 21 at 1. Texas filed a brief in support of its motion, requesting injunctive relief as applied to the Defendants' failure to comply with 8 U.S.C. § 1222(a). *See* Br. in Support of Mot. for Prelim. Inj., ECF No. 22 at 11-15, 34. And Texas maintained its request in its Reply in Support of Motion for Preliminary Injunction. *See* Reply in Support of Mot. for Prelim. Inj., ECF No. 46.

But in the Defendants' view, Texas's request for preliminary injunctive relief is "now moot in its entirety," *see* ECF No. 50 at 1, because according to the Defendants, Texas:

> argued for a likelihood of success on only two of the (now moot) APA claims in the complaint—specifically, the claims that the February notice was arbitrary and capricious for not providing a reasoned explanation (count 1 of the complaint) and that state reliance interests

3

>were not considered in issuing the February notice (count 2 of the complaint).

*Id.* Texas, however, already addressed in its Reply in Support of Motion for Preliminary Injunction a similar contention from the Defendants. *See* Reply in Support of Mot. for Prelim. Inj., ECF No. 46 at 15-18 ("Texas's opening brief included a substantive merits briefing of the factual background and legal basis for these claims. Texas also sought relief on both the February Order and the change in policy for families in arguing its likelihood of success. That is all that Local Civil Rule 7.1(d) requires.") (citations omitted).

Beyond the reasons articulated in Texas's Reply, the Defendants' position is contradicted by the plain text of Texas's Brief in Support of Motion for Preliminary Injunction. *See* Br. in Support of Mot. for Prelim. Inj., ECF No. 22 at 16-17 ("Texas is likely to succeed for several reasons, *including, but certainly not limited to*, the following: (1) the Defendants lacked a reasoned decision-making process; and (2) the Defendants did not consider State reliance interests.") (emphasis added). Moreover, it is also hard to reconcile such an assertion by the Defendants with an approximately two-hour hearing on July 13, 2021, during which the Court allowed both parties to advance arguments about whether the Court should issue a preliminary injunction. Texas has more than adequately addressed the reasons why this Court should issue the requested injunctive relief requiring Defendants to apply Title 42 to members of family units and to comply with 8 U.S.C. § 1222(a) for those it does not rapidly expel under Title 42.

Indeed, this Court should issue immediate preliminary injunctive relief as to

4

those claims because Defendants' data illustrate that tens of thousands of aliens are being released into the United States in violation of Title 42 and are causing irreparable harms to the State of Texas. For instance, the City of Laredo, Texas, is seeking injunctive relief to prevent the Department of Homeland Security from transporting and releasing aliens into the city because the city's resources are overwhelmed. *See Laredo v. United States*, Complaint at 3-6, No. 5:21-cv-0072 (S.D. Tex.) (filed July 16, 2021) (alleging that aliens infected with COVID-19 are overwhelming healthcare resources).

Late last week, the Department of Homeland Security made available publicly the total number of border encounters in June. *See* U.S. Customs and Border Protection, *Southwest Border Land Encounters*, https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters (selecting FY 2020 as the Fiscal Year) (last visited July 12, 2021). The Defendants' data highlight the substantial harm Texas has suffered because of the Defendants' unlawful policies—total border encounters are at historic levels with family unit encounters increasing while the number of family-unit aliens processed under Title 42 continue to decrease. *See id.*

Specifically, in June, there were 188,829 total encounters, including 55,805 encounters with family units, up from 44,746 in May. *Id.* (selecting "FMUA" under the Demographic tab). Of those 55,805 family units, the government processed only 8,070 (or roughly 15 percent) using Title 42—the lowest number processed since January. *Id.* (selecting "FMUA" under the Demographic tab and "Title 42" under the

5

Title of Authority tab). The government's own statistics illustrate the consequences of its failure to follow its own policies and the existence of continued, irreparable harms to the State of Texas.

Furthermore, just *today*—July 21, 2021—the Defendants posted for public inspection a Notice in the Federal Register about the continuation of temporary travel restrictions along the United-States Mexico border. *See* U.S. Customs and Border Protection, *Notification of Temporary Travel Restrictions Applicable to Land Ports of Entry and Ferries Service Between the United States and Mexico*, https://public-inspection.federalregister.gov/2021-15574.pdf (July 21, 2021) (scheduled to be published in the Federal Register on July 22, 2021). "Given the outbreak and continued transmission and spread of COVID-19 within the United States and globally, the Secretary has determined that the risk of continued transmission and spread of the virus associated with COVID-19 between the United States and Mexico poses an ongoing 'specific threat to human life or national interests.'" *Id.* at 3.

The Notice stated further that "non-essential travel between the United States and Mexico currently poses additional risk of transmission and spread of the virus associated with COVID-19 and *places the populace of both [the United States and Mexico] at increased risk of contracting the virus associated with COVID-19.*" *Id.* (emphasis added). And the Notice further stated:

> Moreover, given the sustained human-to-human transmission of the virus, coupled with risks posed by new variants, returning to previous levels of travel between the two nations places the personnel staffing land ports of entry between the United States and Mexico, as well as the individuals traveling through these ports of entry, at increased exposure to the virus associated with COVID-19.

*Id.* Texas appreciates the Defendants' admissions about the risks and harms posed by COVID-19 in the border environment, particularly in the context of the least essential form of travel imaginable—illegal immigration across the southern border.

For the reasons described above, the Court should enter immediate injunctive relief that requires the Defendants to apply Title 42 to members of family units, and that requires the Defendants to comply with 8 U.S.C. § 1222 when not rapidly expelling aliens under Title 42.

## II. The Court Should Hold in Abeyance a Decision on Texas' Request for Injunctive Relief Applicable to Unaccompanied Alien Children, Because Texas Needs Time to Evaluate the Effect of the July Order on This Case.

Despite not applying Title 42 to unaccompanied alien children for the duration of the Biden Administration's tenure in office, the Defendants announced for the first time on Friday, July 16, purported reasons *why* they have excepted unaccompanied alien children from Title 42's coverage. The initial complaint challenged Defendants' February Order both for failing to undergo notice-and-comment rulemaking and for acting arbitrarily and capriciously by failing to offer any explanation for the order and failing to consider alternatives and impacts. Even if the July Order belatedly supplied the required explanations and considerations—an issue that Texas is still evaluating—both the February and July Orders would remain void for failure to undergo the required notice-and-comment rulemaking. Given the February Order's abject failure to explain Defendants' rationale, the first motion for a preliminary injunction did not address the notice-and-comment issue. A renewed motion for a preliminary injunction would address the notice-and-comment issue for both Orders.

7

Unfortunately, given the recency of the filing and its relevance to this case, Texas will need additional time to evaluate the justifications provided in the July Order, to compare those justifications with the filings in this case, and to consider filing either an amended or supplemental complaint under Rule 15. If Texas continues to pursue claims related to the exception of unaccompanied alien children from Title 42's coverage, the Defendants' actions may require an amended or supplemental complaint that focuses on deficiencies in the July Order, and amended or supplemental briefing on the need for declaratory and injunctive relief relating to the CDC's July 16 order.

Texas will pursue this review swiftly, and anticipates notifying this Court on or before Tuesday, August 3 about its intentions with respect to its claims applicable to unaccompanied alien children. If Texas decides that an amended or supplemental complaint is warranted, it will file—or seek leave to file—a new complaint as promptly as possible after notifying the Court about its intended course of action. If Texas decides not to pursue its claims applicable to unaccompanied alien children, it intends to notify the Court and dismiss those counts from its complaint entirely.

Until then, Texas respectfully requests that the Court hold in abeyance Texas' request for injunctive relief applicable to unaccompanied alien children.

Dated: July 21, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted,

*/s/ Aaron F. Reitz*
AARON F. REITZ
*Lead Counsel*
Deputy Attorney General for Legal Strategy
Texas Bar No. 24105704
P.O Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-1989
aaron.reitz@oag.texas.gov

MATTHEW G. WHITAKER
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
info@aflegal.org

CHRISTOPHER J. HAJEC
MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(540) 205-7986
litigation@irli.org

## CERTIFICATE OF SERVICE

I certify that on July 21, 2021, the foregoing instrument was filed electronically via the Court's CM/ECF system causing electronic service upon all counsel of record.

<i>/s/ Aaron F. Reitz</i><br>
AARON F. REITZ