IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00579-P |
| | § | |
| JOSEPH R. BIDEN, JR., in his | § | |
| official capacity as President of the | § | |
| United States et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Texas's Motion for Preliminary Injunction, which Texas's counsel acknowledged is premised on the theory that a February 2021 order from the CDC (which the CDC characterizes as a "notice") violates the Administrative Procedures Act. The CDC issued a new order on July 16, 2021 ("New Order") that expressly states the "February Notice [Order] is hereby superseded." ECF No. 50-1 at 4. Thus, as explained below, the Motion for Preliminary Injunction is **DENIED as moot**, but because the New Order continues rather than ceases the directives of the February Order, Texas is **GRANTED leave to amend** if it wishes to address the New Order.

### BACKGROUND

On April 22, 2021, Plaintiff State of Texas filed a Complaint for Declaratory Relief ("Complaint") against Defendants[1] arising out of alleged actions and inactions by various

---

[1] Defendants are Joseph R. Biden, Jr. in his official capacity as President of the United States; United States of Americas; U.S. Department of Health & Human Services; Centers for

federal administrative agencies that resulted in an influx of potentially COVID-19-positive non-American citizens crossing the southern border. ECF No. 1. Texas argued that these agencies in the February Order violated the Administrative Procedures Act ("APA") by departing from the CDC's October 2020 order ("October Order") and Title 42 process[2] that had been used to prevent the introduction of potentially COVID-19-positive illegal aliens and "unaccompanied noncitizen children" ("UAC") from being placed in congregate care settings in Texas. *Id.* Texas further argued that Defendants were failing to enforce the Immigration Naturalization Act ("INA"), 8 U.S.C. §1222(a), and uphold the Take Care Clause of the United States Constitution. *Id.* Texas sought eight counts of declaratory relief. *Id.* The first four counts concerned the February Order and APA as related to unaccompanied minors, the fifth count concerned the February Order violating the APA's notice-and-comment requirement, the sixth count concerned Defendants' alleged failure to comply with the October Order and the Title 42 process as it related to processing family units encountered at the southern border in violation of the APA, count seven concerned the failure to detain under the INA, and count eight concerned the Take Care Clause. *Id.*

---

Disease Control & Prevention ("CDC"); U.S. Department of Homeland Security; United States Customs & Border Protection; U.S. Immigration & Customs Enforcement; Xavier Becerra, Secretary of Health & Human Services, in his official capacity; Rochelle Walensky, Director Center for Disease Control & Prevention, in her official capacity; Alejandro Mayorkas, Secretary U.S. Department of Homeland Security, in his official capacity; Troy Miller Senior Official Performing the Duties of the Commissioner, U.S. Customers & Border Protection, in his official capacity; and Tae Johnson, Acting Director, U.S. Immigration & Customs Enforcement, in his official capacity.

[2]Title 42 refers to the statute, 42 U.S.C. § 265 that authorizes the CDC Director to issue the final rule and orders at issue in this case. *See also* 42 C.F.R. § 71.40; 85 Fed. Reg. 56,424 (Sept. 11, 2020) (stating that the rule was implemented pursuant to 42 U.S.C. § 265).

Two months later, Texas filed a Motion for Preliminary Injunction ("Motion") (ECF No. 21), Defendants filed a Response (ECF No. 28), and Texas filed a Reply (ECF No. 46). The parties also filed supporting briefs (ECF Nos. 22, 28) and appendices (ECF Nos. 23, 29, 47). While Texas asserted in its preliminary injunction brief that Defendants are failing to comply with the INA (Mot. for Prelim. Inj. Br. at 11–15), Texas's briefing as to the factors for injunctive relief focused exclusively on the APA claims, which in turn focused on the February Order. *See* Mot. for Prelim. Inj. Br. at 16–20; ECF No. 22.

On July 13, 2021, the Court heard arguments of counsel (ECF No. 49), at which time counsel for Defendants informed the Court that the February Order was likely going to be superseded in a forthcoming CDC order. *Id.* The Court requested that Defendants' counsel promptly apprise the Court of the issuance of any such order, and on July 16, 2021, Defendants filed a Notice of New CDC Order and attached the July 16, 2021 order ("New Order"). ECF No. 50. Defendants assert that the New Order "supersedes the February [Order] that is at issue in this litigation[,]" so Texas's claims challenging the February Order are moot and Texas's motion for preliminary injunction is "now moot in its entirety." *Id.*

In response to the Court's order (ECF No. 51), Texas filed a response disagreeing with Defendants' "novel position" that the New Order rendered Texas's Motion for Preliminary Injunction moot. ECF No. 52. Focusing on the substance of its brief, Texas argued that it "more than adequately addressed the reasons why this Court should issue the requested injunctive relief requiring Defendants to apply Title 42 to members of family units and to comply with 8 U.S.C. § 1222(a) for those it does not rapidly expel under Title

42." *Id.* at 4. Texas then requested the Court refrain from deciding the motion for preliminary injunction until Texas has been able to study the New Order to determine if Texas needs to file an amended or supplemental complaint as well as the potential for a "renewed" motion for preliminary injunction. *Id.* at 7–8. In a reply, Defendants reiterated that Texas's arguments under the likelihood-of-success prong of a preliminary injunction were limited to the February Order as it concerned unaccompanied minors. ECF No. 53 at 1. Defendants argued there was no reason to hold the preliminary injunction motion in abeyance because the February Order is superseded. *Id.* at 6.

## THE MOTION ON THE FEBRUARY ORDER IS MOOT

In the Court's view, the parties' recent filings demonstrate a disagreement primarily about how Texas presented its request for injunctive relief, and specifically the claims on which Texas seeks injunctive relief. Although the Court is sympathetic to the fact that Texas did brief its INA claim in its background section (ECF No. 22 at 19–23), the Court agrees with Defendants that Texas's Motion focuses its likelihood-of-success argument exclusively on the February Order and APA. ECF No. 22 at 24–28. At the hearing, Texas's counsel expressly affirmed that the Motion for Preliminary Injunction argued a likelihood of success solely on the APA claims:

> **THE COURT:** One quick question related to what you just brought up. For the likelihood of success on the merits for the PI that's before us, clarify for me, at least for the purposes of the motion before the Court, are you only asserting likelihood of success on the APA claims or are you asserting it on all the claims that you brought for purposes of the PI? I'm not hold holding you for the entire case, but just for the purposes of the preliminary injunction that we have, is it just likely a success on your APA claim?
>
> *[TEXAS'S COUNSEL]:* That's correct. That's correct.

4

Trans. Rough Draft at 62.

The New Order clearly provides that the "February Notice [Order] is hereby superseded." ECF No. 50-1 at 4. Thus, because the preliminary injunction was sought on the likelihood of success of the APA claims and because the briefed APA claims are premised on the now-superseded February Order, the Court concludes that the Motion for Preliminary Injunction should be and hereby is **DENIED as moot.** *See Spell v. Edwards*, 962 F.3d 175, 178–79 (5th Cir. 2020) ("It makes sense, then, that a case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed."); *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018) ("Ordinarily, a[n] [action] challenging a statute would become moot by the legislature's enactment of a superseding law."); *Save Our Springs All. v. Norton*, 361 F. Supp. 2d 643, 648 (W.D. Tex. 2005) (holding APA claim was moot when agency took subsequent superseding action).

## THE CIVIL ACTION IS NOT MOOT AND TEXAS IS GRANTED LEAVE TO AMEND

While the Motion for Permanent Injunction based on the February Order is moot, the Court is compelled to add that this entire civil action is not moot. As an initial matter, Texas's counts six, seven, and eight stand independent of the February Order. Moreover, the essence of Texas's complaint about the February Order was that it failed to provide any reasoning as to why UAC were suddenly excepted from the Title 42 process, and the mere

5

fact that the New Order provides some reasoning[3] may not make the CDC's decision to except UAC from the Title 42 process any more lawful.  This is especially true given the fact that the CDC has simultaneously issued new "guidance" that American children be required to wear masks at school,[4] and that vaccinated American citizens be required to wear masks indoors.[5]  The CDC apparently reasons that COVID-19's dangers require American citizens' restrictions be tightened, but restrictions on COVID-19-positive UAC should be loosened.[6]  To put a fine point on it, the Court is deeply concerned with the apparent contradiction between the CDC's "guidance" as it relates to American citizens

---

[3]For example, the CDC states there are "processes in place" at congregate care facilities that afford "sufficient resources and time" to identify COVID-19-positive UAC and to "implement environmental controls" to "attenuate the risk of COVID-19 infection and spread."  ECF No. 50-1 at 3.

[4]UPDATE, GUIDANCE FOR COVID-19 PREVENTION IN K-12 SCHOOLS, July 9, 2021, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html ("Given new evidence on the B.1.617.2 (Delta) variant, CDC has updated the guidance for fully vaccinated people. CDC recommends universal indoor masking for all teachers, staff, students, and visitors to K-12 schools, regardless of vaccination status.") (last accessed July 28, 2021).

[5]GUIDANCE FOR IMPLEMENTING COVID-19 PREVENTION STRATEGIES IN THE CONTEXT OF VARYING COMMUNITY TRANSMISSION LEVELS AND VACCINATION COVERAGE, July 27, 2021, https://www.cdc.gov/mmwr/volumes/70/wr/mm7030e2.htm?s_cid=mm7030e2_w ("CDC also recommends that fully vaccinated persons wear a mask in public indoor settings in areas of substantial or high transmission, and consider wearing a mask regardless of transmission level if they or someone in their household is immunocompromised or at increased risk for severe disease, or if someone in their household is unvaccinated (including children aged <12 years who are currently ineligible for vaccination).") (last accessed July 28, 2021).

[6]To that point, the New Order itself acknowledges that from March 24, 2020 to July 8, 2021, 8,435 UAC have tested positive for COVID-19 while housed in the United States in certain facilities and an additional 6,590 UAC have tested positive at other facilities.  ECF No. 50-1 at 3–4.  Given the fear over the COVID-19 pandemic and recent heavy-handed "guidance" the CDC provides American citizens and children, one would expect the CDC to tighten rather than ease restrictions on the introduction of COVID-19-positive people into the country.  Negligently allowing even one COVID-19-positive UAC into the country in the middle of a pandemic would be problematic, but willfully admitting thousands of COVID-19 positive UAC is deplorable.

and children and its "guidance" as it relates to non-American children in the New Order given that Government's first and foremost duty is to protect its people.[7]

Accordingly, should Texas desire to file an amended complaint to include claims and/or seek injunctive relief arising out of the New Order (ECF No. 52 at 8), the Court **GRANTS** leave to file an amended complaint.  Texas's deadline to file an amended complaint is **on or before August 16, 2021.**

**SO ORDERED** on this **29th day** of **July, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[7] *Cf.* THE FEDERALIST No. 41 (James Madison) (writing as "Publius") (referring to "[s]ecurity against foreign danger" as "one of the primitive objects of civil society" and "an avowed and essential object of the American Union"); CONG. GLOBE, 39th Cong., 2d Sess. 101 (1867) (remarks of Rep. Farnsworth) (debating Reconstruction Act of 1867) ("The first duty of the Government is to afford protection to its citizens.") (quoted in Steven J. Heyman, *The First Duty of Government: Protection, Liberty and the Fourteenth Amendment*, 41 DUKE L. J. 507, 508 n.1 (1991)).