

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

**STATE OF TEXAS,**

    *Plaintiff,*                               **4:21-cv-00579-P**

**v.**

**JOSEPH R. BIDEN JR.** in his official

Capacity as President of the United        **MOTION TO**

States, *et. al.*                                **INTERVENE**

    *Defendants.*

**PLAINTIFF INTERVENOR'S MOTION TO INTERVENE**

1. This action was originally designed to be an independent action, however, when I read the Texas complaint, I came to believe intervening would expedite both cases. Time is absolutely of the essence. The cause of the outbreaks of Polio in the United States beginning in 2014 is a virus known as E.V. D 68 (hereinafter "D 68). There are two varieties of D 68 carried by minor children in Guatemala, Honduras and El Salvador. One variety carries two strains of Polio unique to children in those countries. It was the illegal migration of these Immigrant children into the United

1

States which caused the outbreaks of Polio in the United States in 2014, 2016 and 2018. The other variety of D 68 does not carry strains of Polio.

2. The Sabin 1 Vaccine developed in the 1950's to eradicate Polio in the United States and still administered to every person born in the United States is ineffective in preventing Americans from infection by the strains of Polio contained in D 68 and carried by children entering the United States from Honduras, Guatemala and El Salvador. The opening of the Southern Border of the United States by the Obama Administration explains the outbreaks of Polio in 2014, 2016 and 2018. These out breaks saw paralysis and death among Americans, primarily children, numbering into the thousands.

3. As a result of the open borders policy of the Obama Administration and the sheer number of illegal aliens now in the U.S., D 68 is now carried in the U.S. by mosquitoes. Thus far, the D 68 virus carried by mosquitoes does not contain the strains of Polio carried by minor children in the three countries. Under the Biden Administration's open borders policy, hundreds of thousands of minor illegal alien children from the three countries are poised to enter the United States in the next four years. It is just a matter of time util the D 68 virus carrying the strains of Polio

begin to be carried by mosquitoes in the United States. Once Polio goes air borne, America sill face the greatest health care crisis in history, greater than Covid 19. This is why time is absolutely of the essence.

4. If this motion is granted the Intervening Plaintiff will immediately file a Moton for an Order to Show Cause why this Court should not order the Defendants to close the Southern border to all illegal immigrants seeking to enter the United States. That Motion will be supported by five (5) medical studies by independent, highly respected medical scholars directly linking Polio and the D 68 virus found in children from Guatemala, Honduras and El Salvador and the Polio cases in the United States in 2014, 206 1nd 2018. It will also be supported by records kept by the Centers for Disease Control and Prevention which directly link open borders and the increase of Polio cases in the United States. Finally, it will demonstrate how the Defendants were willing to mislead the general public, and this Court, about the source of disease in order to keep the Southern border open.

5. Only this expedited hearing on the impact of open borders on the spread of Polio among children in the United States will allow this Court to order

the border closed thereby saving hundreds if not thousands of Americans, especially children, from the scourge of Polio.

## ARGUMENT I

## Intervention Should be allowed as a Matter of Right

1) *Plaintiff-Intervenor's Motion is Timely.*

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); see *United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013) (same). Here, the case is still at the earliest stage. The Defendants have neither answered nor moved to dismiss. The Motion for Preliminary Injunction has been briefed, argued and is pending before the Court. The Court's decision on the Motion for Preliminary Injunction will have no impact upon the Intervening

Plaintiff's Complaint or Motion for an Order to Show Cause. The parties will not be prejudiced by the intervention.

### 2) *The Plaintiff-Intervenor Has a Substantial Legal Interest in the Subject Matter of This Case.*

Courts of Appeals around the country have subscribed to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

The interest of the Intervening Plaintiff could not be more substantial. Although the new outbreaks of Polio have mainly been among children, in at least one case an adult man, a father, has contracted Polio and died. The Intervening Plaintiff has received the Sabin 1 Vaccine but that vaccine offers no protection against the strains of Polio contained in the D 68 virus carried into the United States by children from Guatemala, Honduras and El Salvador. Thus as the number of illegal minor children from these three countries enter the United States increases, the risk to the Intervening Plaintiff increases.

*3) Intervention in this Case is Necessary to Protect the Plaintiff – Intervenor's Interest*

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." Miller, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." Id.; see also *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

The issues raised in the original complaint share a common ground with the Intervenor's Complaint to the extent the original complaint claims the Biden Harris's Administrations Immigrant Policies violate U.S. Law. However, the Intervenor's Complaint goes far beyond the limited violations initially raised and raises issues of life and death for the American People, including the Intervening Plaintiff. Furthermore, the remedy requested by the Intervenor is that all illegal immigration across the Southern Border be terminated immediately and totally. This goes far beyond any relief requested in the original complaint.

4)*The Existing Parties Cannot Protect the Interest of the Plaintiff Intervenor.*

The Plaintiff - Intervenor carries a minimal burden to show that the existing parties to this litigation inadequately represent the United States' interests.

*Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate." Id. (citations omitted) (emphasis added); see also *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original). The Plaintiff – Intervenor satisfies this burden.

The Plaintiff – Intervenor has a personal interest in terminating illegal immigration across the Southern Border. Plaintiff Intervenor's Sabin 1 Polio Vaccination will not protect him if he is exposed to Migrant Polio.

The State of Texas has attempted to raise issues related to the Intervening Plaintiff arguing that as *parens patria* the State has standing to raise these issues. The Defendants in their Brief in Opposition to the State's Motion for a Preliminary Injunction has argued strongly that the State lacks standing to raise health issues on behalf of its citizens. Even if this Court rules in favor of the State in this Court, that ruling could be reversed upon appeal leaving the Intervening Plaintiff and other citizens of Texas unrepresented. The Intervening Plaintiff has standing to raise these health issues on his own behalf.

**Argument II**

## The Plaintiff - Intervenor Should Be Allowed to Intervene by Permission

The Plaintiff - Intervenor may also be granted leave to intervene by permission. Rule 24(b)(2) permits intervention on timely motion by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Motion to Intervene is timely. Further, the Plaintiff-Intervenor will assert issues that would require the Court to resolve questions of fact and law that are common to—and in some instances, identical to _ questions raised by the existing parties.

This is a parallel case except that the Intervening Plaintiff alleges violation of International Law and not just precedent and U.S. Law. The Intervening Plaintiff, who seeks relief similar to the relief sought by the State of Texas, has as stronger a case, than the State of Texas. They should clearly be allowed to work together to protect the citizens of the State of Texas and the citizens of the United States,

For the foregoing reasons, the Plaintiff-Intervenor respectfully requests that the Court grant the Plaintiff – Intervenor's Motion to Intervene.

The Intervening Plaintiff

*/s/ Robert A. Heghmann*

Robert A. Heghmann

P.O. Box 2108

Leander, TX 78646

Bob_Heghmann@Reagan.com

(603) 866-3089

## CERTIFICATE OF CONFERENCE

I certify that, on June 23, 2021, I conferred via e-mail with counsel for the Defendants and counsel for the Plaintiffs regarding this Motion. The Defendants oppose this Motion while the Plaintiffs, while not opposing the Motion, do not believe this Court will grant it.

*/s/ Robert Heghmann*

## CERTIFICATE OF SERVICE

I certify that, on July 27, 2021, I mailed a copy of this Motion to the Court and caused service of this this Motion through the CM/ECF upon the Defendants and the Plaintiffs.

*/s/ Robert Heghmann*

9

Robert A. Heghmann
P.O. Box 2108
801 S Highway 183
Leander, Texas 78646
Bob_Heghmann@Reagan.com
(603) 866-3089

July 27 ~~May~~, 2021

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
~~FILED~~ Received
JUL 30 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

Clerk's Office
U.S. District Court
501 West Tenth Street
Room 310
Fort Worth, Texas 76102

Re: State of Texas v. Joseph Biden, Jr. et al
4:21-cv-00579-P

Dear Clerk of the Court,

Enclosed please find the following:

A Motion to Intervene and

An Intervenor's Complaint with Exhibits

Thank you for your time and assistance.

Very truly yours,

*[signature]*
Robert A. Heghmann

POSTAGE REQUIRED

RECEIVED
JUL 30 2021
12:25
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FROM:
R.H. Hey Hmmm
P.O. Box 2108
Leander, TX 78646

TO:
Clerk's Office
U.S. District Court
501 West Tenth Street
Room 310
Fort Worth, Texas 76102

Retail
US POSTAGE PAID
$7.95
Origin: 78641
07/28/21
4850400688-11

PRIORITY MAIL 2-DAY®

0 Lb 15.50 Oz
1004
C024

EXPECTED DELIVERY DAY: 07/31/21

SHIP TO:
501 W 10TH ST
STE 310
Fort Worth TX 76102-3641

USPS TRACKING® #

9505 5143 9582 1209 8585 02

UNITED STATES POSTAL SERVICE

- Expected delivery date specified for
- Most domestic shipments include up
- USPS Tracking® included for domest
- Limited international insurance.**
- When used internationally, a custom:

*Insurance does not cover certain items. For det:
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps

FLAT RATE ENVEL
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2

PS00001000014