IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| STATE OF TEXAS,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH R. BIDEN, JR. et al.,<br><br>      Defendants. | Civil Action No. 4:21-CV-579-P |

## JOINT REPORT

Plaintiff, the State of Texas, and defendants, various federal agencies and officials (referred to collectively as the government), file this joint report pursuant to the Court's August 3, 2021 order. The parties have responded below to the specific numbered items in the Court's order, but note here that under the specific circumstances of this case, they believe that the entry of an initial scheduling order as described as follows would be most beneficial at this time. Specifically, Texas filed an amended complaint yesterday (August 23, 2021) and anticipates soon filing a motion for preliminary injunction. Meanwhile, the government anticipates that it will file a motion to dismiss in response to the amended complaint, and that the motion to dismiss briefing would overlap to a substantial extent with its anticipated response to the preliminary-injunction motion. In a desire to streamline this process and avoid unnecessary duplication of motion practice and briefing, the parties propose that the Court enter the following as an initial scheduling order for the case:

- Texas will file its motion for preliminary injunction by September 7, 2021.

- The government will have 14 days to respond to the preliminary-injunction motion, file its own motion to dismiss, and file a consolidated brief in support of its response and motion.

- Texas will have 7 days to file a consolidated response/reply.

- The government will have 7 days to file a reply in support of its motion to dismiss.

- If the Court denies the motion to dismiss, within 14 days of that ruling, the government will file an administrative record with respect to any remaining Administrative Procedure Act claims in the case, and the parties will also file a joint status report with a proposed briefing schedule relating to that administrative record as well as any other matters in the case.

Specific Responses to the Items in the Court's Order

1. <u>Conference details</u>.  The parties held their conference on August 16, 2021 at the U.S. Attorney's Office in Dallas.  The attorneys present were Leif Olson (for plaintiff) and Brian Stoltz (for defendants).  The parties discussed the prospect of a settlement but do not believe a settlement is likely at this time.

2. <u>Claims and defenses</u>.  Texas asserts that:

- The government is not complying with its obligation under the Immigration and Nationality Act to detain aliens pending the completion of their removal or asylum proceedings;
- The government is not complying with its statutory obligation to detain aliens seeking to enter the United States for a period sufficient to determine whether they are afflicted with COVID-19, which qualifies as a communicable disease of public health significance under the Immigration and Nationality Act;
- The government is paroling aliens who are subject to removal proceedings into the United States without conducting the case-by-case analysis required by the Immigration and Nationality Act;

- The government was required to engage in notice-and-comment rulemaking before issuing the July and August Orders governing the persons who are subject to removal under the Title 42 procedures for rapid expulsions of aliens;
- The government issued the July and August orders without taking into consideration all relevant facts, without taking into account Texas's reliance interests, and without complying with the agreement requiring that DHS furnish Texas with advance notice of proposed changes to procedures regarding the treatment of illegal aliens entering through the Southwest Border;
- The government has adopted a *de facto* policy of releasing family-unit members into the United States rather than detaining them pending the outcome of their removal or asylum proceedings;
- These actions violate the Administrative Procedure Act and the Take Care Clause of the Constitution;
- It is entitled to have these actions declared unlawful and set aside and have the government enjoined from further pursuing them;
- It is entitled to have the government enjoined to comply with its detention and screening obligations under the Immigration and Nationality Act and to cabin its parole decisions within the bounds permitted by the Act; and
- It is entitled to its costs and attorneys' fees for successfully prosecuting this action to a final judgment.

The government denies that Texas is entitled to relief and asserts that (1) Texas cannot meet its burden to establish subject-matter jurisdiction because it lacks standing and review is not otherwise available under the APA; (2) CDC was not required to engage in notice-and-comment rulemaking with respect to the Title 42 orders in question and CDC's orders were lawful, were not arbitrary and capricious and did take into account all relevant considerations, and otherwise meet the necessary requirements to be affirmed under the deferential standard of the APA; (3) the INA precludes the relief sought by Texas with respect to the alleged INA violations that it describes, and in any event no such violations have occurred and Texas is barred by res judicata from making such claims here; and (4) Texas is not otherwise entitled to any relief in this action, and this case should be dismissed in its entirety.

3. <u>Proposed deadline to amend pleadings and join parties</u>. 45 days after the Court's ruling on the government's motion to dismiss.

4. <u>Proposed motions deadline</u>. Not applicable at this time—to be addressed in the parties' status report after the Court's ruling on Texas's forthcoming preliminary-injunction motion and the government's motion to dismiss.

5. <u>Proposed expert deadlines</u>. Not applicable.

6. <u>Proposed deadline for expert objections</u>. Not applicable.

7. <u>Proposed discovery plan</u>. Not applicable.

8. <u>Proposed limitations on discovery</u>. Not applicable.

9. <u>Statement regarding ESI</u>. Not applicable.

10. <u>Proposals regarding privileged or trial-preparation materials</u>. None at this time.

11. <u>Trial</u>. Not applicable.

12. <u>Proposed mediation deadline</u>. The parties do not believe that mediation would be beneficial at this time.

13. <u>Rule 26(a)(1) disclosures</u>. None required. *See* Fed. R. Civ. P. 26(a)(1)(B)(ii).

14. <u>Magistrate judge</u>. The parties have not consented to trial before a magistrate judge.

15. <u>Court conference</u>. The parties do not believe any conference with the Court is needed at this time.

16. <u>Any other proposals</u>. None at this time.

Respectfully submitted,

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | PRERAK SHAH<br>Acting United States Attorney |
| BRENT WEBSTER<br>First Assistant Attorney General | /s/ Brian W. Stoltz<br>Brian W. Stoltz<br>Assistant United States Attorney |
| AARON F. REITZ<br>*Lead Counsel*<br>Deputy Attorney General for Legal Strategy<br>Texas Bar No. 24105704<br>aaron.reitz@oag.texas.gov | Texas Bar No. 24060668<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242-1699<br>Telephone:   214-659-8626<br>Facsimile:   214-659-8807<br>brian.stoltz@usdoj.gov |
| /s/ Leif A. Olson<br>LEIF A. OLSON<br>Special Counsel<br>Texas Bar No. 24032801<br>leif.olson@oag.texas.gov | Attorneys for Defendants |

MATTHEW G. WHITAKER
Admitted *pro hac vice*
America First Legal Foundation
300 Independence Avenue SE
Washington, D.C. 20003
(202) 964-3721
info@aflegal.org

CHRISTOPHER J. HAJEC
Admitted *pro hac vice*
MATT A. CRAPO
Admitted *pro hac vice*
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, D.C. 20001
(540) 205-7986
litigation@irli.org

*Counsel for the State of Texas*

<u>Certificate of Service</u>

On August 24, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney